**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4482

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT BARNES, a/k/a Robert D. Barnes,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:19-cr-00012-JPJ-PMS-1)

Argued:  October 27, 2023                               Decided:  January 31, 2024

Before AGEE, HARRIS, and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Agee and Judge Harris joined.

**ARGUED:**  Dana Roger Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant. Jennifer R. Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee. **ON BRIEF:**  Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Robert Barnes was convicted of possessing three controlled substances in a federal prison and of possessing controlled substances with intent to distribute them. Barnes challenges the admission of certain evidence, the denial of his motion for a judgment of acquittal, and the calculation of his sentence. Seeing no reversible error, we affirm.

In 2018, Barnes was found unresponsive in the law library of the federal prison where he was incarcerated. After being taken to a hospital, Barnes told a doctor he had swallowed heroin and methamphetamine. A urine test found traces of opiates and amphetamines, and an enema yielded balloons an officer identified as containing heroin and methamphetamine. A jury convicted Barnes on four charges. Counts 1 through 3 were for possessing methamphetamines, amphetamines, and heroin in a federal prison. Count 4 was for possessing controlled substances with intent to distribute them.

Barnes first challenges the district court's denial of his motion to suppress statements he made at the hospital. Reviewing the district court's factual findings for clear error and its legal determinations de novo, see *United States v. Jamison*, 509 F.3d 623, 628 (4th Cir. 2007), we see no reversible error. Barnes argues he was subject to custodial interrogation for *Miranda* purposes because a correctional officer "ordered" him to tell a doctor what he had swallowed. Barnes Br. 25–26. Whether the officer did so is disputed, and the district court did not clearly err in finding Barnes was not ordered to respond. The fact that Barnes was physically restrained when he made the statements does not change our conclusion. On this record, Barnes fails to establish that those restraints went beyond the "background limitations" imposed on all incarcerated people in Barnes' situation.

2

*Jamison*, 509 F.3d at 629.

Barnes next challenges the sufficiency of the evidence to support his convictions, asserting that testimony from a government witness that the substances in the recovered balloons appeared to be heroin and methamphetamine was not enough, and that laboratory tests should have been required. We must uphold the jury's verdict if—"viewing the evidence in the light most favorable to the prosecution"—"*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020). Because Barnes admitted he had swallowed methamphetamine and heroin, and because his urine tested positive for amphetamine, a reasonable jury could have found Barnes possessed those substances without laboratory tests confirming that conclusion.[1] And based on the amounts recovered—enough to create more than 300 units of a commonly distributed size—a rational factfinder could have found Barnes possessed the controlled substances with intent to distribute them.

Finally, Barnes argues the district court improperly calculated his guidelines range when it designated him a career offender. As Barnes' counsel conceded at oral argument,

---

[1] Methamphetamine breaks down to amphetamine in the body, and the government conceded at oral argument that the test results were equally consistent with Barnes' having swallowed only methamphetamine or both methamphetamine and amphetamine. Oral Arg. at 19:00–19:25. Given the substantial proof Barnes ingested methamphetamine, it is unclear whether a rational trier of fact could have found beyond a reasonable doubt that Barnes *also* possessed amphetamine. Because Barnes does not challenge his conviction on Count 2 on this basis, however, we do not further consider that possibility. See, *e.g.*, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief[.]").

Maryland's highest court's decision in *Dickson v. United States*, 274 A.3d 366 (Md. 2022), "settles that issue." Oral Arg. at 00:16–00:57. The career offender enhancement applies if Barnes' previous convictions for Maryland robbery were "crime[s] of violence" within the meaning of Guidelines § 4B1.1(a). *Dickson* held that Maryland robbery applies only to the taking of property through "the use or the threatened use of force against [a] person," 274 A.3d at 370—the very thing Section 4B1.1(a) requires. For that reason, Maryland robbery is categorically a crime of violence, and the career offender enhancement was properly applied.[2]

The judgment of the district court is

*AFFIRMED*.

---

[2] Barnes also moved to file a *pro se* supplemental brief. We grant that motion, and conclude none of Barnes' arguments warrant upsetting the district court's judgment.

4